F I L E D
 Clerk
 District Court

FEB 02 2016

for the Northern Mariana Islands
By_____
         (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **KAYE CHRISTIAN**, <br><br> Plaintiff, <br><br> v. <br><br> **COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, COMMONWEALTH HEALTHCARE CORP., EUSEBIO MANGLONA, DR. FRANCOIS CLAASSENS, ESTHER L. MUNA, JAMES C. DELEON GUERRERO, and DOES 1–10,** <br><br> Defendants. | Case No. 1:14-CV-00010 <br><br><br> **DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY PROCEEDINGS** |

## I.   INTRODUCTION

The Commonwealth of the Northern Mariana Islands ("Commonwealth" or "CNMI"), the Commonwealth Healthcare Corporation ("CHC"), and the defendants named in their official capacities seek a stay of (1) all discovery with respect to the Commonwealth as to Causes of Action IV through XII of the Second Amended Complaint, and (2) all remaining proceedings in this case once non-expert discovery has been completed for the other parties. (Mot. to Stay, ECF No. 49.) On May 26, 2015, Defendants filed an interlocutory appeal with the Ninth Circuit (Notice of Appeal, ECF No. 30) challenging this Court's holding that the Commonwealth does not enjoy

sovereign immunity (Decision and Order, Apr. 24, 2015, ECF No. 27). In the present motion, Defendants argue that many of the benefits of that immunity would be lost without a stay. Plaintiff Kaye Christian opposes the motion. (Opp'n, ECF No. 50.) Defendants filed their reply to the opposition. (Reply, ECF No. 51.) The Court heard arguments from the parties on December 3, 2015. (Min. Entry, ECF No. 52.) For the following reasons, the Court will grant defendants' motion and stay discovery with respect to the Commonwealth, but will deny the motion without prejudice as to the official capacity defendants. Defendants may renew their motion to stay after summary judgment proceedings, if appropriate.

## II. BACKGROUND

In her Second Amended Complaint ("SAC"), Christian alleges that she was kidnapped from her home on December 31, 2013 by Commonwealth officials and held, drugged and incommunicado, until they released her on January 3, 2014. (SAC, ECF No. 28.)[1] She argues that Defendants' conduct violated her federal constitutional rights, her CNMI constitutional rights, her CNMI statutory rights, and a settlement agreement that she had reached with the Commonwealth and CHC over an earlier, similar involuntary detention. Causes of Action I through III detail her federal constitutional claims against the personal and official capacity defendants, but do not include the Commonwealth or CHC. *See* 42 U.S.C. § 1983 ("persons" may be sued for violating civil rights). Christian only asserts claims against the Commonwealth in Causes of Action IV through VI, which cover breach of the settlement agreement and violation of the Commonwealth Constitution. Similarly, Christian asserts claims against CHC in Causes of Action IV, V, VII, and X through XII. Individual defendants in personal and official capacities are also named in Causes of Action VII through IX.

---

[1] A more detailed description of Christian's allegations can be found in this Court's April 24, 2015 Decision and Order. (ECF No. 27.) For present purposes, it is sufficient to describe her causes of action.

2

### III. DISCUSSION

Defendants argue that the Court should stay discovery against the Commonwealth, and stay proceedings against the other defendants once discovery is complete. They contend that the Court lacks jurisdiction to compel discovery against the Commonwealth, and urge that practical considerations favor staying the remaining proceedings. The Court agrees that the issue of sovereign immunity necessarily entails a privilege against discovery, and will therefore stay further discovery against the Commonwealth. However, the Court finds it impractical to stay all proceedings in this case pending what promises to be a lengthy appeal, and will deny the motion to stay proceedings against the other defendants.

*A. The Commonwealth*

An entity asserting sovereign immunity to suit may immediately appeal any order denying such immunity. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993) ("States and state entities that claim to be 'arms of the State' may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity."). When the entity files its interlocutory appeal, that action "divests the district court of jurisdiction to proceed with trial." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). However, "an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal." *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990).

Here, the subject of the appeal is whether the Commonwealth possesses sovereign immunity. *See Fleming v. Department of Pub. Safety*, 837 F.2d 401, 405, 407 (9th Cir. 1988) (holding that the Commonwealth does not enjoy sovereign immunity). If the Ninth Circuit should reconsider its precedent on the subject and find that the Commonwealth possesses sovereign

3

immunity, then the Commonwealth could immediately be dismissed from this suit. As the Commonwealth correctly notes, sovereign immunity represents not only a defense to liability, but a wholesale immunity from litigating in federal court. *See Puerto Rico Aqueduct*, 506 U.S. at 146 n.5 ("The Eleventh Amendment is concerned not only with the States' ability to withstand suit, but with their privilege not to be sued."). Accordingly, were this Court to order the Commonwealth to continue discovery, the Commonwealth would irretrievably lose the benefit of its immunity. The Court will therefore preserve the status quo and stay all proceedings against the Commonwealth.

### B. The Individual Defendants

The individual defendants present a different scenario. If the Ninth Circuit finds that the Commonwealth enjoys sovereign immunity, then the official capacity defendants could be dismissed from the claims based on CNMI law because this Court may not compel the Commonwealth to comply with its own laws. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."). However, the individual defendants are sued in both official and personal capacities. Even if the official capacity defendants are dismissed from the claims based on CNMI law, those defendants may nevertheless still face personal liability for the same acts. *See Alden v. Maine*, 527 U.S. 706, 757 (1999) (stating that suits against state officials in their personal capacities are appropriate because the officers will be personally liable for any damages). The Court lacks jurisdiction to fashion any injunctive remedy against the official capacity defendants based on the alleged violations of CNMI law while the issue of sovereign immunity is before the Ninth Circuit, but nothing prevents it from otherwise proceeding to the merits as they relate to personal liability. *See Britton*, 916 F.2d at 1412.

Defendants argue that because the Commonwealth will indemnify the personal capacity defendants, those defendants may also shelter behind its aegis of sovereign immunity. However, that argument contradicts well-established law to the contrary. *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991) (sovereign immunity does not "erect a barrier against suits to impose individual and personal liability on state officials" (quotation marks omitted)); *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1125 (9th Cir. 2007) ("the fact that a state may choose to indemnify [its] employees for any judgment rendered against them" does not implicate sovereign immunity); *Blaylock v. Schwinden*, 862 F.2d 1352, 1354 n.1 (9th Cir. 1988) (a district court may order state officials to pay damages under § 1983; it is up to the officials to seek indemnification from the state); *Duckworth v. Franzen*, 780 F.2d 645, 650-51 (7th Cir. 1985) ("[T]he purpose of [sovereign immunity] is only to protect the state against involuntary liability. If the state chooses to pick up the tab for its errant officers, its liability for their torts is voluntary."), *abrogated on other grounds as noted in Haley v. Gross*, 86 F.3d 630, 644 n.34 (7th Cir. 1996); *cf. Lapides v. Board of Regents*, 535 U.S. 613, 616 (2002) (a state waives its sovereign immunity when it removes a case from state to federal court).

Defendants contend that considerations of res judicata—issue preclusion—could prejudice the official capacity defendants if the individual capacity defendants are forced to trial. It is true that issue preclusion could foreclose the official capacity defendants from litigating certain issues lost to them in the personal capacity cases. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (a party may not reargue an issue that has been "actually decided after a full and fair opportunity for litigation") (internal quotation marks omitted). However, the defendants in their official capacities would not face any prejudice from the application of issue preclusion to issues decided against them in their personal capacities because their opportunity to fully litigate the

5

matter will be the same. *See* 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4423 (2d ed. 2002) ("The most general independent concern reflected in the limitation of issue preclusion by the full and fair opportunity requirement goes to the incentive to litigate vigorously in the first action."). Here, the personal capacity defendants have every incentive to strenuously oppose Christian's accusations; if Christian prevails, they will be personally liable for damages. Additionally, the preclusive effect of a final decision on any issue would favor the victor—which could inure to either party's benefit.

The Court also notes that this appeal will likely remain in the Ninth Circuit for years, largely because the Commonwealth failed to seek immediate en banc review of this Court's decision. *See Norita v. Northern Mariana Islands*, 331 F.3d 690, 696–97 (9th Cir. 2003) (upholding *Fleming* because a three-judge panel "cannot reconsider or overrule a decision of a prior panel" in the absence of an intervening Supreme Court decision). At oral argument, counsel for the Commonwealth stated that a petition for en banc review could only be made *after* a three-judge panel decision, but that is plainly wrong. *See* Fed. R. App. P. 35(b)(1)(B) ("A party may petition for *a hearing* or rehearing en banc" if "the proceeding involves one or more questions of exceptional importance, . . . ; for example, . . . if it involves an issue on which the panel decision conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue") (emphasis added); *see also, e.g., United States v. Fox*, 631 F.3d 1128, 1130 (9th Cir. 2011) (noting grant of petition for initial hearing en banc). Although the Court takes no position on Defendants' litigation strategy, it seems likely that the sovereign immunity issue will not have a final resolution for many years, which could pose risks to any future trial as witnesses become unavailable and witnesses' memories fade.

## IV. CONCLUSION

This Court will not presume to assert jurisdiction where it has none. Nor will it allow this case to languish, however. The Commonwealth's appeal of this Court's decision denying it complete immunity under the Eleventh Amendment strips the Court of its jurisdiction over the causes of action against it, but does not affect jurisdiction over the remaining co-defendants. Accordingly, it is hereby ORDERED that:

1. Defendants' motion to stay (ECF No. 49) is granted in part and denied in part;
2. All remaining discovery with respect to the Commonwealth is stayed until further order of the Court; and
3. Proceedings involving the other Defendants shall continue as provided in the case management order unless ordered otherwise.

SO ORDERED this 2nd day of February, 2016.

_____
RAMONA V. MANGLONA
Chief Judge